BLD-181                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4687
_____

HENRY R. TAYLOR, JR.,
                                          Appellant

v.

KATHLEEN D. FELDMAN; JEANNE K. CAHILL;
PATRICK J. O'HARE; JAMES FRAZIER;
HEAD OF PROTHONATARY, SHARON AGNEW;
SUPERIOR COURT OF DELAWARE

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00244)
District Judge: Honorable Joseph J. Farnan, Jr.

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: July 27, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

In 1985, the appellant, Henry R. Taylor, Jr., pled guilty to two counts of burglary in

the Superior Court of Delaware.  He did not file a direct appeal.  Approximately thirteen years later, Taylor sought post-conviction relief in state court on the ground that his guilty plea had been unknowing and involuntary.[1]  The Superior Court held that Taylor was procedurally barred from challenging the validity of his guilty plea because he did not challenge it on direct appeal, and had failed to show cause and prejudice to excuse the default.  State v. Taylor, No. 30903471DI, 2007 WL 2193752, * 2–3 (Del. Super. July 27, 2007).

While his petition was pending before the Superior Court, Taylor filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Delaware alleging that several employees of the Delaware Superior Court system had interfered with his ability to obtain post-conviction relief by destroying the transcripts of his 1985 plea and sentencing hearings.  As noted above, Taylor attempted to argue in the Superior Court that his guilty plea had been involuntary, but, according to Taylor, was unsuccessful because there was no record of the relevant proceedings.  Taylor claimed that the destruction of the transcripts violated both his right to due process and his right of access to the courts.  Taylor also alleged violations of the Delaware constitution.

The defendants moved for summary judgment, and, by order entered September 30, 2009, the District Court granted the defendants' motion as to the federal claims, and declined to exercise supplemental jurisdiction over the state-law claims.  Taylor sought

---

[1]This was Taylor's third petition for post-conviction relief.

reconsideration, but the District Court denied his request. This appeal followed.[2]

We will summarily affirm the District Court's orders, although we do so on an alternative basis. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988). To properly state a claim of denial of access to the courts, Taylor must show that he was prevented from presenting a non-frivolous or arguable challenge to his sentence or to the condition of his confinement. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Because his claim was procedurally barred, and because the transcripts would not have helped him overcome the bar, he cannot meet this standard. For much the same reasons, Taylor's due process claim fails, as he has not shown how he was injured by the alleged due process violation. See Lewis v. Casey, 518 U.S. 343, 355 (1996). We will also affirm the District Court's order denying Taylor's motion for reconsideration.[3]

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[2]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[3]The District Court acted within its discretion in refraining from exercising supplemental jurisdiction over Taylor's state law claims. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction.")